UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ALVARO VALENCIA CANGA,

v.                                              Case No. 8:05-cr-26-T-17TBM
                                                        8:07-cv-1481-T-17TBM

UNITED STATES OF AMERICA.
_____

O R D E R

This cause is before the Court on Defendant Alvaro Valencia-Canga's (Canga) motion to vacate, set aside, or correct an allegedly illegal sentence pursuant to 28 U.S.C. § 2255.  (Doc. cv-1; cr-300).  A review of the record demonstrates that, for the following reasons, the motion to vacate must be denied.

PROCEDURAL HISTORY

In March 2005, Canga pled guilty, pursuant to a written plea agreement, to conspiring to possess five kilograms or more of cocaine with intent to distribute it, while aboard a vessel subject to the jurisdiction of the United States, in violation of 46 U.S.C. app. § 1903(a) and (g), 18 U.S.C. § 960(b)(1)(B)(ii). D-48 (plea agreement), 239 (guilty plea hearing transcript).[1] During the change-of-plea hearing Canga was assisted by an interpreter. D-239 at 3.

This Court sentenced Canga to 168 months incarceration. D-121, 122. Canga directly appealed the judgment and sentence (D-124) making two arguments: That "[t]he District Court erred in not awarding Canga at least a two (2) level reduction for his minor

_____

[1]References to 8:05-cr-26-T-17TBM will be denoted as "D-" and the appropriate docket number. References to 8:07-cv-1481-T-17TBM will be denoted as "D-cv-" and the appropriate docket number.

role in the offense"; and that "[t]he District Court erred in enhancing Canga's sentence because a loaded shotgun was found in the engine room of the vessel." (Canga's brief at 11).[2] The Eleventh Circuit affirmed the judgment and sentence. D-272.

Canga then timely filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255 claiming in Grounds One through Four that he was denied effective assistance of counsel by counsel's failing to challenge the indictment based on a "factual defense to the charges"; failing to "conduct an independent investigation of the facts, circumstances, pleadings and law" and not "proceed[ing] to trial"; that his plea "was not knowing and intelligent" and he "was not aware of the 'essential elements of the offense' "; and by counsel failing to move for dismissal based on "the absence of venue, that the U.S. does not have jurisdiction and that the U.S. Government did not prove the 'nexus.' " D-cv-1 at 5-9.

Factual Background

In January 2005, a United States Coast Guard cutter intercepted a fishing vessel, the *Andres Abel,* in international waters in the Pacific Ocean. Presentence Investigation Report ("PSR") ¶10; D-170 at 16-17. This vessel was subject to the jurisdiction of the United States. D-170 at 16. United States Coast Guard ("USCG") personnel boarded the *Andres Abel* pursuant to the United States-Columbia Bilateral Agreement. D-170 at 17. Canga was one of the vessel's eight crew members. PSR 10. A crew from the Coast Guard cutter boarded the *Andres Abel.* PSR ¶ 11, D-170 at 17.  USCG personnel discovered in the fuel tank a hidden compartment that contained 2647 kilograms of cocaine and, in the

---

[2] Copies of Canga's brief, the Government's dismissal motion, and the Eleventh Circuit docket sheet are attached as Exhibits A, B, and C.

engine room, a loaded shotgun. PSR ¶ 11, D-170 at 16-17. Canga and his co-defendants were detained and brought to the Middle District of Florida. PSR ¶ 13, D-170 at 17.

### COGNIZABILITY AND CHALLENGE TO GUILTY PLEA

Canga claims he received ineffective assistance of counsel prior to entering his guilty plea by counsel's failing to challenge the indictment based on a "factual defense to the charges," failing to "conduct an independent investigation of the facts, circumstances, pleadings and law" and not "proceeding] to trial," and by counsel's failing to move for dismissal based on "the absence of venue, that the U.S. does not have jurisdiction and that the U.S. Government did not prove the 'nexus.' " D-cv-1 at 5-6, 9.

It is well established that a voluntary, unconditional guilty plea waives all nonjurisdictional challenges to the constitutionality of the conviction that arose prior to the plea. See, e.g. Wilson v. United States, 962 F.2d 996, 997 (11th Cir. 1992) (guilty plea waives pre-plea ineffective assistance of counsel claim in a section 2255 proceeding); Tiemens v. United States, 724 F.2d 928, 929 (11th Cir. 1984) (guilty plea waives speedy trial and due process challenges in a section 2255 proceeding; collecting cases); Franklin v. United States, 589 F.2d 192, 194-95 (5th Cir. 1979) (guilty plea waives claims regarding Miranda warnings, coerced confessions, perjury, and illegal searches and seizures in a section 2255 proceeding). When Canga entered his guilty plea, he waived all but jurisdictional claims up to the time of the plea. See Tollett v. Henderson, 411 U.S. 258, 266-67 (1973). Therefore, Canga's claims relating to pre-plea ineffectiveness are not cognizable on collateral attack.

### Discussion

Canga's claims in Grounds One through Four are based on alleged instances of

3

ineffective assistance of counsel. To prevail on these claims, Canga must demonstrate deficient representation and resulting prejudice. For the reasons discussed below, Canga has failed to meet both of these prongs and, therefore, is entitled to no relief.

The Sixth Amendment right to counsel is the right to effective assistance of counsel. McMann v. Richardson, 397 U.S. 759, 771 n.14 (1970). The benchmark for judging any claim of ineffective assistance of counsel, however, is whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result. Strickland v. Washington, 466 U.S. 668, 688 (1984): see also Bovkins v. Wainwright, 737 F.2d 1539, 1542 (11th Cir. 1984). Because a lawyer is presumed to be competent to assist a defendant, the burden is on the accused to demonstrate the denial of the effective assistance of counsel. United States v. Cronic, 466 U.S. 648, 658 (1984). Ineffectiveness of counsel may be grounds for vacating conviction if (1) counsel's performance fell below an objective standard of reasonable professional assistance and (2) the defendant was prejudiced by the deficient performance. Strickland, 466 U.S. at 687, 694. "There is no reason for a court deciding an ineffective assistance claim ... to address both components of the inquiry if the defendant makes an insufficient showing on one." Strickland, 466 U.S. at 697. Thus, if the defendant fails to show that he is prejudiced by the alleged errors of counsel, this Court may reject the defendant's claim without determining whether the counsel's performance was deficient. See Coulter v. Herring, 60 F.3d 1499, 1504 n.8 (11th Cir. 1995).

For performance to be deficient, it must be established that, in light of all the circumstances, counsel's performance was outside the wide range of professional competence. See Strickland, 466 U.S. at 690. In other words, when reviewing counsel's

4

decisions, "the issue is not what is possible or 'what is prudent or appropriate, but only what is constitutionally compelled.'" Chandler v. United States, 218 F.3d 1305, 1313 (11th Cir. 2000) (en banc) (quoting Burger v. Kemp, 483 U.S. 776 (1987)). Furthermore, "[t]he burden of persuasion is on a petitioner to prove, by a preponderance of competent evidence, that counsel's performance was unreasonable." Chandler, 218 F.3d at 1313. This burden of persuasion, though not insurmountable, is a heavy one. See id. at 1314. '"Judicial scrutiny of counsel's performance must be highly deferential,"' and courts "must avoid second-guessing counsel's performance." Id. at 1314 (quoting Strickland, 466 U.S. at 689). "Courts must 'indulge [the] strong presumption' that counsel's performance was reasonable and that counsel 'made all significant decisions in the exercise of reasonable professional judgment.'" id. (quoting Strickland, 466 U.S. at 689-90). Therefore, "counsel cannot be adjudged incompetent for performing in a particular way in a case, as long as the approach taken 'might be considered sound trial strategy.'" Id. (quoting Darden v. Wainwright, 477 U.S. 168 (1986)).

If the record is incomplete or unclear about counsel's actions, then it is presumed that counsel exercised reasonable professional judgment. See Id. at 1314-15 n15. Thus, the presumption afforded counsel's performance "is not.. . that the particular defense lawyer in reality focused on and, then, deliberately decided to do or not to do a specific act." Id. Rather, the presumption is "that what the particular defense lawyer did at trial... were acts that some reasonable lawyer might do." Id.

Moreover, "[t]he reasonableness of a counsel's performance is an objective inquiry." Id. at 1315. For a Petitioner to show deficient performance, he "must establish that no competent counsel would have taken the action that his counsel did take." Id. To uphold

a lawyer's strategy, a court "need not attempt to divine the lawyer's mental processes underlying the strategy." Id. at 1315 n16. Finally, "[n]o absolute rules dictate what is reasonable performance for lawyers." Id. at 1317.

Ground One and Ground Four

In Ground One Canga alleges that counsel was ineffective for failing to move for dismissal of the indictment.  Canga contends that prior to trial and during the plea process, trial counsel affirmatively misadvised Canga that there was no factual defense to the charges and counsel simply "did not aggressively defend" Canga and instead simply rushed through the plea proceedings without attention to Canga or his case. This claim has no merit.  First, Canga does not state on what basis trial counsel would have moved to dismiss the indictment.

However, in Ground Four, Canga contends that trial counsel was ineffective for failing to move to dismiss the indictment based on lack of jurisdiction and venue. Canga argues that counsel should have "move[d] for dismissal]" based on "the absence of venue, that the U.S. does not have jurisdiction and that the U.S. Government did not prove the 'nexus.'"  Canga also claims that the waiver "on guilty plea does not waiver [sic] jurisdictional defects in indictment.  There is a reasonable probability that the outcome of the proceeding would have been different." D-cv-1 at 9. For the reasons discussed below, Canga's claim has no merit.

At the change of plea hearing, and before accepting his guilty plea, the Court specifically advised Canga that the indictment charged that the offense for which he was charged occurred "while you were on board a vessel subject to the jurisdiction of the United States," and, that if his case went to trial, the government would have the burden of proof

as to the elements of the offense. D-239 at 7-8. Later on in the plea hearing, the government recited the following facts in support of Canga's guilty plea:

> Your Honor, if the case were to proceed to trial the United States would be able to establish beyond a reasonable doubt that on or about January 16, 2005, the Defendant and others were apprehended by the United States Coast Guard in the international waters vessel to wit: A fishing vessel, *Andres Abel*. That was a vessel subject to the jurisdiction of the United States. As apart of the unlawful agreement to possess five or more kilograms of cocaine with the intent to distribute, the Defendant and others were knowingly and willfully transporting approximately 218 bales of cocaine at approximately 20 kilograms per bale which were to be delivered to other individuals. Specifically, United States Coast Guard Cutter Hamilton identified the fishing vessel, *Andres Abel* in international waters in the Eastern Pacific Ocean. And the Coast Guard boarded the vessel pursuant to the United States-Columbia Bilateral Agreement. A boarding tern from the United States Cutter Hamilton boarded the fishing vessel Andres Abel and discovered 4,825 pounds of cocaine in a hidden compartment located in the fuel tank.
>
> The Defendant and the other crew members of the fishing vessel *Andres Abel* were then detained and first brought into the United States into the Middle District of Florida.

D-239 at 16-17.  Canga averred that he understood the charges against him, and that the above proffered facts were accurate. Id. at 17.

Canga's claim that this Court lacked jurisdiction to hear his case is meritless. As noted above, Canga stipulated to facts at his plea colloquy establishing that his vessel was located in international waters and, therefore, subject to the jurisdiction of the United States. Under well-established Eleventh Circuit precedent, there is no additional requirement under the MDLEA that the government establish a nexus between a defendant's criminal conduct and the United States. United States v.Estupinan, 453 F.3d 1336, 1338 (11th Cir. 2006) ("'[This circuit and other circuits have not embellished the MDLEA with [the requirement of] a nexus [between a defendant's criminal conduct and the United States].'") (quoting United States v. Rendon, 354 F.3d 1320, 1325 (11th Cir. 2003),

cert. denied. 127 U.S. 1486 (2007); see also. United States v. Sinisterra, No. 06-15824, 2007 WL 1695698, at *4 (11th Cir. 2007).

Venue was proper in the United States District Court for the Middle District of Florida, Tampa Division, because under 46 U.S.C. § 70504 (formerly, 46 App. U.S.C. § 1903), a person violating 46 U.S.C. § 70504 (formerly 46 App. U.S.C. § 1930) shall be tried in the district court of the United States for 1) the district at which the person enters the United States; or 2) the District of Columbia. In Canga's case, the United States Coast Guard transferred custody of the defendants to the United States Marshal's Service in the Middle District of Florida, Tampa, Florida, and Canga entered the United States in the Tampa Division of the United States District Court for the Middle District of Florida. Based on the above case authority, Canga's claim that the Court lacked jurisdiction to hear his case because the government failed to demonstrate a sufficient nexus between his criminal conduct and the United States must fail as a matter of law.

As Canga's jurisdictional argument is legally without merit, his trial counsel did not perform in a constitutionally deficient manner in failing to raise it, and Canga's Sixth Amendment claim is similarly without merit. To succeed on such a challenge, Canga bears the burden of showing that his counsel's performance fell below an objective standard of reasonable professional assistance, and that Canga was prejudiced by that deficient performance. Strickland v. Washington, 466 U.S. 668, 688 (1984). Canga makes no claim that he ever spoke to his attorney about raising a jurisdictional challenge either in the district court or on appeal. Nothing in the record establishes that counsel failed to meet his obligations as applied to the plea and appellate process, and Canga fails to show any deficient performance or any resulting prejudice. As Canga's jurisdictional arguments under

8

the MDLEA are legally without merit, his trial counsel did not perform in a constitutionally deficient manner under the <u>Strickland</u> standard by failing to raise it and grounds one and four do not warrant relief on these claims.

Ground One and Ground Two

Canga contends without elaboration that counsel should have sought to dismiss the indictment based on a "factual defense to the charges" and that counsel should have "conducted an independent investigation of the facts, circumstances, pleadings and law involved in [his] case" resulting in a trial, not a plea. D-cv-1 at 5-6. At his change-of-plea hearing , the Court specifically advised Canga of the legal rights he was waiving in order to plead guilty instead of going to trial. D-239 at 7-8. Not only did the Court explain what the government's burden of proof at trial would entail, but also, that if Canga wished he could challenge that evidence, cross-examine witnesses, testify on his own behalf, or call his own witnesses. D-239 at 8. The Court advised Canga:

> [B]y pleading guilty, you are not just admitting the criminal charge but you are also, in effect, giving up or waiving all of these other rights. You are not going to fight the charge .... Do you understand this?

<u>Id.</u> To which Canga indicated that he understood and still wanted to plead guilty. <u>Id.</u>

Canga's claims in Grounds One and Two are vague and conclusory on their face. Canga fails to detail the facts in support of arguments or what additional investigation was needed or overlooked. Nor does he point to any additional evidence that would have affected the outcome of this case. In sum, Canga fails to develop any rationale as to what counsel should have done concerning his assertions or provide any legal support for his arguments. Without more, these claims fail to establish a constitutional violation and are unavailing.

9

Canga fails to provide any details, facts or legal basis for these claims. His assertions constitute nothing more than broad conclusory allegations and are insufficient to establish ineffective performance and/or resulting prejudice. Claims not fairly raised will not be entertained on collateral attack. United States v. Jones, 614 F.2d 80 (5th Cir. 1980); Walker v. Dugger, 860 F.2d 1010, 1011 (11th Cir. 1988) (claims raised only superficially). While a pro se litigant may be entitled to liberal construction of his arguments, issues mentioned only superficially will not be treated as properly raised. Walker, 860 F.2d at 1011. Likewise, vague, conclusory, speculative, or unsupported claims cannot support an ineffective assistance of counsel claim. Tejada v. Dugger, 941 F.2d 1551, 1559 (11th Cir. 1991).

Counsel cannot be deemed to have performed deficiently by failing to address an issue that reasonably would have been considered to be without merit. See Davis v. Singletary, 119 F.3d 1471, 1476 (11th Cir. 1997); Spaziano v. Singletary, 36 F.3d 1028, 1039 (11th Cir. 1994); Pitts v. Cook, 923 F.2d 1568, 1572-74 (11th Cir. 1991); Thompson v. Wainwright, 787 F.2d 1447, 1459 n.8 (11th Cir. 1986). Counsel is not deficient for failure to file a motion to dismiss when it is not legally supportable and would have been unsuccessful. Koch v. Puckett, 907 F.2d 524, 527 (5th Cir. 1990) (no ineffective of assistance of counsel where filing of motion is futile); United States v. Costa, 691 F.2d 1358, 1363 (11th Cir. 1982) (no ineffective assistance of counsel for failure to file motion based on invalid claim). The allegations advanced by Canga do not establish deficient performance by his counsel or any resulting prejudice under Strickland. Therefore, Canga is entitled to no relief as to these claims.

Ground Three

Canga argues that his plea "was not knowing and intelligent" and he "was not aware of the 'essential elements of the offense,'" D-cv-1 at 8. Canga's contentions, without further explanation, are negated by the record, which clearly demonstrates Canga's plea was knowing and voluntary.

The two-pronged Strickland test is applicable to ineffective assistance of counsel claims arising out of the plea process. Hill v. Lockhart, 474 U.S. 52. 57 (1985). As applied to the plea situation, the first prong of Strickland remains the same in that the attorney's conduct must fall within the range of reasonable conduct. Hill, 474 U.S. at 58. Counsel owes a lesser duty to a client who pleads guilty than to one who goes to trial, however, and in the former case, counsel need only provide his client with an understanding of the law in relation to the facts, so that the accused may make an informed and conscious choice between entering a guilty plea and going to trial. Wofford v. Wainwright, 748 F.2d 1505, 1508 (11th Cir. 1984). To impart such an understanding to the accused, counsel merely must make an independent examination of the facts, circumstances, pleadings and laws involved, and then offer counsel's informed opinion as to the best course to be followed in protecting the interests of the client. Id.

The second prong of the Strickland test focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process. Hill, 474 U.S. at 59. In other words, in order to satisfy the prejudice requirement, the petitioner claiming ineffective assistance of counsel during the plea process must show that there is a reasonable probability that, but for counsel's errors, petitioner would not have pleaded guilty and would have insisted on going to trial. Id.

At his change-of-plea, the Court ascertained that Canga knew his lawyer had

negotiated a plea agreement and went over the provisions contained within that agreement. D-239 at 8-15. The Court reviewed with Canga examples of defenses he could have raised to the Indictment, Id at 11. The Court asked about his lawyer and Canga said he was satisfied with his representation, id, at 16. Canga confirmed that he agreed to plead guilty and wanted to do so "because from the moment that we were leaving the port that we left from I knew that what we were doing was a crime." Id. at 18, 19. Canga confirmed that he was not forced or threatened in any way to enter his guilty plea. Id. at 15-16. The Court reviewed with Canga the rights he was giving up by pleading guilty-a jury trial with the assistance of counsel where he would not be required to testify but the government would be required to "bring in witnesses and evidence to prove this offense" to prove the conspiracy and the amount of drugs, and that he could present defense witnesses, have a trial counsel, and testify on his own behalf. Id. at 7-8. Canga said he understood and still wished to plead guilty. Id. at 8. Canga confirmed that he faced a mandatory minimum sentence of ten years up to life imprisonment and that he had no questions about the penalties he faced. Id. at 6-7, 11-12. The Court then asked Canga if he had any questions on how the Guidelines operated and he replied that he understood. Id. at 13. Pressing further, the Court went over counsel's role in helping Canga in his understanding of the Guidelines but the district court judge would determine the Guidelines calculation. Id. at 11-12. Canga indicated he understood. Id. at 13. The Court reviewed the appeal-waiver provisions. Id. at 14-15. Canga acknowledged that he received no promises for his guilty plea. Id. at 15. After the factual basis was read by the prosecutor, the Court asked if Canga had any dispute with the facts and he indicated he did not by saying "the facts were that way." Id. at 16-17. The Court determined, and Canga agreed, that the plea agreement had

been read to him in Spanish and discussed with his counsel and that he understood the terms of the agreement. Id. at 17-18. Canga confirmed that he wished to enter his guilty plea. Id. at 19. The Court then found that Canga's guilty plea was informed, knowing, and voluntary. Id. at 20.

Even if this Court were to find deficient performance by Canga's counsel, Canga is entitled to no relief because he cannot meet the prejudice prong of Strickland. The record in this case demonstrates the Court conducted a thorough Rule 11 plea colloquy, establishing that Canga understood that his sentence would be based, in part, on judge-made findings.

The district court has three "core concerns" regarding a Rule 11 plea colloquy: (1) ensure that the guilty plea is free of coercion; (2) ensure that the defendant understands the nature of the charges against him; and (3) ensure that the defendant is aware of the direct consequences of the guilty plea. United States v. Monroe, 353 F.3d 1346, 1354 (11th Cir. 2003) (citing United States v. Lejarde-Rada, 319 F.3d 1288,1289 (11th Cir. 2003)). The record establishes that Canga fully understood the consequences of his guilty plea, the nature of the charges, the penalty he faced, that his sentence would be calculated under the sentencing guidelines, that this Court would make the ultimate sentencing determination and that Canga could not withdraw his plea if his sentence was more severe than anticipated. Furthermore, Canga has failed to establish prejudice under Hill, as he does not claim that he wishes to withdraw his guilty plea and proceed to trial; instead, he fails to even state a claim seeking relief. Moreover, a defendant who alleges ineffective assistance of counsel, as Canga does here, is subject to an even higher burden regarding the prejudice prong: he "must show that there is a reasonable probability that, but for

13

counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill, 474 U.S. at 59. Because Canga fails to explain or argue his ineffective assistance of counsel claim, this claim fails. Canga's plea was informed, knowing, and voluntary. Canga has failed to demonstrate that suffered any prejudice. Therefore, under Strickland, Canga cannot demonstrate that his counsel's performance was deficient or that he was prejudiced by his counsel's actions, and he is entitled to no relief as to ground three.

The Reply

The Court does not find that Canga's arguments in the reply are persuasive, and the Court has not considered any new claims raised in the reply that Canga did not raise in the motion to vacate, and to which the government did not have an opportunity to respond.

In Herring v. Secretary, Dept. of Corrections, 397 F.3d 1338 (11th Cir. 2005), the Court stated:

> As we repeatedly have admonished, "[a]rguments raised for the first time in a reply brief are not properly before a reviewing court." United States v. Coy, 19 F.3d 629, 632 n. 7 (11th Cir.1994) (citation omitted); see also United States v. Whitesell, 314 F.3d 1251, 1256 (11th Cir.2002) (Court need not address issue raised for first time in reply brief), cert. denied , 539 U.S. 951, 123 S.Ct. 2628, 156 L.Ed.2d 643 (2003); United States v. Dicter, 198 F.3d 1284, 1289 (11th Cir.1999) (issue raised for first time in reply brief waived); United States v. Martinez, 83 F.3d 371, 377 n. 6 (11th Cir.1996) (declining to consider arguments raised for the first time in a reply brief).

Herring v. Secretary, Dept. of Corrections, 397 F.3d 1338 at 1342.

Accordingly, the Court orders:

That Canga's motion to vacate (Doc. cv-1; cr-300) is denied.  The Clerk is directed to enter judgment against Canga in the civil case and to close that case.

**CERTIFICATE OF APPEALABILITY AND
LEAVE TO APPEAL IN FORMA PAUPERIS DENIED**

14

IT IS FURTHER ORDERED that defendant is not entitled to a certificate of appealability. A prisoner seeking a motion to vacate has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). Id. "A [COA] may issue ⋯ only if the applicant has made a substantial showing of the denial of a constitutional right." Id. at § 2253(c)(2). To make such a showing, defendant "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,' " Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n. 4 (1983)). Defendant has not made the requisite showing in these circumstances.

Finally, because Defendant is not entitled to a certificate of appealability, he is not entitled to appeal in forma pauperis.

ORDERED at Tampa, Florida, on April 15, 2008.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

AUSA: Anthony Porcelli
Alvaro Valencia Canga, pro se